**Shirl L. ATWOOD, Plaintiff and Appellant,**

v.

**STURM, RUGER & COMPANY, INC., Defendant and Appellee.**

No. 900004.

Supreme Court of Utah.

Jan. 7, 1992.

Kirk C. Bennett, West Valley City, for plaintiff and appellant.

James H. Clegg, Rodney R. Parker, Salt Lake City, and James P. Dorr, Dale G. Wills, Chicago, for defendant and appellee.

HOWE, Chief Justice:

Plaintiff Shirl L. Atwood appeals from a summary judgment entered against him in this products liability action, assailing the trial court's conclusion that his action was barred because it was not brought within four years from the date of his injury as provided by Utah Code Ann. § 78–12–25(3).

On October 11, 1984, plaintiff was injured when his pistol, manufactured by defendant Sturm, Ruger & Company, Inc., fell from its holster, struck the running board of his truck, and discharged. He was incapacitated and hospitalized for approximately two weeks. While his physical injury was immediately apparent, plaintiff alleges that he had no knowledge of any legal injury until the spring of 1988 when he consulted his attorney on another matter. At that time, his attorney, who had independent knowledge as a gun hobbyist, informed plaintiff that he might have a legal claim against defendant because it had recalled pistols of the type owned by plaintiff due to manufacturing defects. Months later, plaintiff engaged the same attorney to prosecute this action, which was filed on October 13, 1988, four years and two days after plaintiff's injury occurred.

Plaintiff seeks to avoid the four-year statutory bar on the ground that the time period for filing this action should not begin to run until he had knowledge of his legal injury. He relies primarily on medical malpractice cases decided by this court where we have held that a plaintiff must have knowledge not only that he has suffered an injury but also that the injury may be due to the negligence of the defendant. *Foil v. Ballinger*, 601 P.2d 144 (Utah 1979); *Christiansen v. Rees*, 20 Utah 2d 199, 436 P.2d 435 (1968). He argues that the negligence of defendant is an essential element of his cause of action and that he had no

knowledge or even suspicion of any negligence until he visited with his attorney in the spring of 1988.

While the discovery rule has often been applied to give a plaintiff the opportunity to file his action after learning certain critical facts, the discovery rule has no application here. We held in *Brigham Young University v. Paulsen Construction Co.*, 744 P.2d 1370 (Utah 1987), that the discovery rule does not apply to a plaintiff who becomes aware of his injuries or damages and a possible cause of action before the statute of limitations expires. Plaintiff concedes that he learned of a potential legal cause of action "in the spring of 1988," which would be several months before the expiration of the statute of limitations. He does not suggest any reason why the action could not have been filed between the spring of 1988 and October 11 of that year.

Finally, plaintiff contends that the statute should have been tolled for the two weeks he spent in the hospital following his injury. Utah Code Ann. § 78–12–36 provides for the tolling of the statute of limitations in certain instances when the potential plaintiff is either under the age of majority or mentally incompetent and without a legal guardian. Clearly, plaintiff does not come within that provision. While plaintiff was prevented from obtaining legal advice or pursuing any action during his hospitalization, nevertheless, he had the balance of the four-year period to bring his action. He learned in the spring of 1988 that he had a potential lawsuit and had a number of months thereafter to file his action; the initial two-week hospitalization at the beginning of the four-year period was inconsequential in affecting his legal rights.

The summary judgment is affirmed.

HALL, C.J., STEWART, DURHAM and ZIMMERMAN, JJ., concur.