**Charles R. WARREN, Plaintiff and Appellant,**

v.

**PROVO CITY CORPORATION, a municipal corporation; James R. Mathis, airport manager for Provo City Corporation Airport; and John Does 1–10, Defendants and Appellees.**

No. 910217.

Supreme Court of Utah.

Sept. 23, 1992.

HALL, Chief Justice:

Charles R. Warren appeals from an order of the fourth district court dismissing his complaint. The complaint alleged that Provo City Corporation and James R. Mathis ("Provo") are liable for injuries Warren sustained in the crash of an airplane leased from Western Flyers Flying Club, an organization regulated by Provo. The trial court ruled that Warren's failure to file a notice of claim within one year from the date the claim arose, as required by sections 63–30–11 and 63–30–13 of Utah's Governmental Immunity Act, bars his claim.[1] We affirm.

The court dismissed the complaint pursuant to Provo's motion for summary judgment.[2] In an appeal from a summary judgment, we view the facts in a light most favorable to the party opposing the motion.[3]

In September of 1988, Warren leased an airplane from Western Flyers, a flying club with its base of operations located at Provo City Airport. Provo ordinance 13.03.060 regulates flying clubs. Specifically, the ordinance requires flying clubs to assure that their airplanes are airworthy and in compliance with appropriate federal regulations. The ordinance also requires flying clubs to maintain adequate insurance and file a certificate of insurance at Provo City Airport.

On September 10, 1988, the airplane that Warren leased from Western Flyers crashed, injuring Warren, his wife, and their son. Shortly thereafter, Warren obtained counsel to assist him in seeking recovery for damages sustained in the crash.

Wayne B. Watson, Thomas J. Scribner, Provo, for plaintiff and appellant.

David C. Dixon, Gary L. Gregerson, Robert D. West, Provo, for defendants and appellees.

1. *See* Utah Code Ann. §§ 63–30–11 to –15.

2. Provo's motion to dismiss did not cite any specific rule of civil procedure. However, both of the memorandums in support of and in opposition to the motion to dismiss were accompanied by affidavits, and the trial court ruled that the complaint should be dismissed, even if Warren's factual assertions are presumed correct. We have previously treated motions to dismiss on the ground that the plaintiff did not timely file a notice of claim as motions pursuant to rule 12(b)(6) of the Utah Rules of Civil Procedure. *See Madsen v. Borthick*, 658 P.2d 627, 628 (Utah 1983). When affidavits or other evidence is presented in conjunction with a 12(b)(6) motion, the motion is generally treated as a motion for summary judgment, pursuant to rule 56(c) of the Utah Rules of Civil Procedure. *See* Utah R.Civ.P. 12(c); *Johnson v. Morton Thiokol, Inc.*, 818 P.2d 997, 999 (Utah 1991). Given the court's ruling and the fact that both parties submitted affidavits, we will treat the motion in the instant case as a motion for summary judgment.

3. *Culp Constr. Co. v. Buildmart Mall*, 795 P.2d 650, 651 (Utah 1990).

During the months of June, July, August, and September of 1989, Warren's counsel telephoned Provo City Airport manager James R. Mathis, requesting information concerning Western Flyers' insurance. However, Warren never reached Mathis, and the calls were not returned.

On September 12, 1989, one year and two days after the crash, Warren's counsel sent a letter to Mathis, requesting information concerning Western Flyers' insurance. On December 5, 1989, counsel for Provo wrote to Warren's counsel, advising him that Provo City Airport did not have Western Flyers' certificate of insurance on file and Western Flyers had not responded to inquiries concerning whether they had maintained the required insurance. On March 26, 1990, over one year and six months after the crash, Warren filed a notice of claim asserting that Provo is liable for his personal injuries because Provo failed to enforce ordinance 13.03.060.

Provo denied the claim. Thereafter, Warren filed a complaint alleging that Provo is liable for his personal injuries because of its failure to enforce ordinance 13.03.060 and assure that Western Flyers' airplanes were airworthy and adequately insured.

Provo moved to dismiss on the ground that Warren had failed to file a timely notice of claim. Warren, through new counsel, argued in his memorandum in opposition to the motion to dismiss, that the discovery rule should apply to excuse his failure to file a notice of claim because he did not have reasonable grounds to believe that Provo was not enforcing its ordinances until more than a year after the crash. Warren further alleged that Provo concealed the fact that Western Flyers did not have adequate insurance on file in a deliberate attempt to prevent him from obtaining incriminating information within the statutory period.

The trial court dismissed the complaint, ruling that "plaintiff's own negligence prohibited him from filing a timely notice of claim; however, even assuming that defendants intentionally concealed [Provo's failure to require Western Flyers to file a certificate of insurance], such concealment did not prevent plaintiff from filing an adequate notice of claim within the statutory period."

▮▮▮▮ A single issue is properly before this court: Did the trial court err in granting Provo's motion for summary judgment on the basis that the discovery rule does not apply and therefore sections 63–30–11 and 63–30–13 bar Warren's claim?[4] Summary judgment is appropriate if, viewing the evidence in a light most favorable to the nonmoving party, the moving party is nevertheless entitled to a judgment as a matter of law.[5] Accordingly, we review the trial court's decision granting a motion for summary judgment for correctness.[6]

▮▮▮▮ The notice of claim provisions of sections 63–30–11 and 63–30–13 operate as a one-year statute of limitations in cases brought against a governmental entity.[7] Generally, a cause of action accrues and the relevant statute of limitations begins to

---

4. On appeal, Warren also asserts that sections 63–30–11 and 63–30–13 violate various provisions of the state and federal constitutions. In making this contention, he asks us to overrule our decisions in *Madsen v. Borthick,* 769 P.2d 245, 249 (Utah 1988), and *Sears v. Southworth,* 563 P.2d 192, 193 (Utah 1977), which uphold the constitutionality of the challenged sections. However, Warren did not raise these arguments with the trial court. With limited exceptions, our practice has been to decline consideration of issues raised for the first time on appeal. *Espinal v. Salt Lake City Bd. of Educ.,* 797 P.2d 412, 413 (Utah 1990); *Pratt v. City Council of City of Riverton,* 639 P.2d 172, 173–74 (Utah 1981). Therefore, we do not address these claims.

5. Utah R.Civ.P. 56(c); *see also Transamerica Cash Reserve, Inc. v. Dixie Power & Water, Inc.,* 789 P.2d 24, 25 (Utah 1990); *Bonham v. Morgan,* 788 P.2d 497, 499 (Utah 1989) (per curiam).

6. *Transamerica,* 789 P.2d at 25; *Bonham,* 788 P.2d at 499.

7. *See, e.g., O'Neal v. Division of Family Servs.,* 821 P.2d 1139, 1141 (Utah 1991) (applying general law dealing with statute of limitations to notices of claims). Utah Code Ann. §§ 63–30–11 to –15 provide that in order to bring a claim against a governmental entity, a plaintiff must file a notice of claim within one year of the time the action arose. If the claim is denied, the plaintiff has one year from the denial of the claim to file a complaint.

run "upon the happening of the last event necessary to complete the cause of action ... [and] mere ignorance of the existence of a cause of action does not prevent the running of the statute of limitations."[8] However, in certain instances, the discovery rule allows for the tolling of a statute of limitations "until the discovery of facts forming the basis for the cause of action."[9]

▮ This court has recognized three circumstances where the discovery rule applies: (1) in situations where the discovery rule is mandated by statute;[10] (2) in situations where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct;[11] and (3) in situations where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action.[12] Warren contends that both the exceptional-circumstances and the concealment versions of the discovery rule apply to excuse his failure to file a timely notice of claim.

▮ We turn first to Warren's exceptional-circumstances argument. The ultimate determination of whether a case presents exceptional circumstances that render the application of a statute of limitations irrational or unjust turns on a balancing test.[13] However, before a court reaches this test, an initial showing must be made that the plaintiff did not know of and could not reasonably have known of the existence of the cause of action in time to file a claim within the limitation period.[14] A review of the record reveals that Warren has not made this threshold showing.

The fact that the plane crashed gave Warren reasonable grounds to question whether Provo was enforcing ordinance 13.03.060 and requiring Western Flyers to keep its airplanes in airworthy condition. Furthermore, the fact that Warren's counsel phoned Provo City Airport in June of 1989 indicates that Warren knew of the requirements of ordinance 13.03.060 well within the one-year period. However, though Warren knew of the ordinance and should have been on notice that the ordinance may not have been enforced, the only inquiry he undertook into Provo's liability was to make an unspecified number of phone calls to Provo City Airport. Despite his failure to reach the airport manager, he made no further investigation within the statutory period.

Clearly, Warren has not alleged any facts demonstrating that he undertook reasonable steps to investigate Provo's liability. Therefore, as a matter of law, Warren has not shown that he could not have reasonably known about the cause of action in time to file his claim within the statutory period. Accordingly, the trial court was correct in dismissing this claim on summary judgment.

Warren's remaining contention is that the concealment version of the discovery rule applies to excuse his failure to file a timely notice of claim. Warren bases this argument on the contention that Provo did not return his phone calls in a deliberate attempt to prevent him from discovering the existence of a cause of action within the statutory period.

▮ The concealment version of the discovery rule is essentially a claim of equi-

---

8. *Myers v. McDonald,* 635 P.2d 84, 86 (Utah 1981); *see also O'Neal,* 821 P.2d at 1143.

9. *Myers,* 635 P.2d at 86; *see also O'Neal,* 821 P.2d at 1143; *Klinger v. Kightly,* 791 P.2d 868, 869 (Utah 1990).

10. *E.g.,* Utah Code Ann. § 78–12–19; Utah Code Ann. § 78–12–26; *see also Myers,* 635 P.2d at 86.

11. *E.g., Vincent v. Salt Lake County,* 583 P.2d 105, 107 (Utah 1978); *Rice v. Granite School Dist.,* 23 Utah 2d 22, 456 P.2d 159, 163 (1969); *see also Myers,* 635 P.2d at 86.

12. *Klinger,* 791 P.2d at 872; *Myers,* 635 P.2d at 87.

13. A court will balance the hardship imposed on the plaintiff against any prejudice to the defendant resulting from "difficulties of proof caused by the passage of time." *Myers,* 635 P.2d at 87; *see also Klinger,* 791 P.2d at 872.

14. *O'Neal,* 821 P.2d at 1144; *see also Atwood v. Sturm, Ruger & Co.,* 823 P.2d 1064, 1065 (Utah 1992); *Brigham Young Univ. v. Paulsen Constr. Co.,* 744 P.2d 1370, 1374 (Utah 1987).

table estoppel, whereby a defendant who causes a delay in the bringing of a cause of action is estopped from relying on the statute of limitations as a defense to the action.[15] As is true in all cases of equitable estoppel, for the doctrine to be invoked a showing must be made that, under the circumstances, the party claiming estoppel has acted in a reasonable manner.[16] Therefore, in order to invoke the concealment version of the discovery rule it must be shown that given the defendant's actions, a reasonable plaintiff would not have brought suit within the statutory period.[17]

Accordingly, we have held that summary judgment is inappropriate despite the failure to file a timely notice of claim or complaint when a plaintiff alleged that an agent for the state assured her that she would be fully compensated as soon as her medical costs were ascertained;[18] when a plaintiff alleged that an agent for the state erroneously told him that a runoff culvert could not possibly have caused the water damage on his property;[19] and when a plaintiff alleged that an agent for the state erroneously told her that the person driving an automobile that collided with her was not an employee of the state.[20]

However, we have upheld summary judgments because of a failure to file a timely notice of claim or complaint when a plaintiff who was aware of the statute and represented by counsel alleged only that the defendant lulled him into "a false sense of security [regarding the possibility of a settlement] by requesting medical information about [his] physical condition"[21] and when a plaintiff alleged that an agent for the state gave him erroneous information regarding the governmental entity responsible for a strip of highway at issue but the court concluded that the failure to file a notice of claim was caused by the plaintiff's own "inadvertence."[22]

■ In the instant case, Warren does not allege that he relied on any representation made by Provo. Rather, he claims that he was prevented from discovering the cause of action because Provo did not return his phone calls. However, as discussed above, Warren did not take reasonable steps to investigate Provo's liability. While a party may be excused for failing to pursue a claim if the party acted in reasonable reliance on a defendant's representations, absent any representations by the defendant, a plaintiff must take reasonable steps to prosecute the claim. Otherwise, there can be no showing that the defendant's actions prevented the discovery of the cause of action.

Because Warren has not alleged any facts that demonstrate that he took reasonable steps to pursue his claim or that he reasonably relied on a representation made by Provo, the concealment version of the discovery rule is not applicable to the instant case. Therefore, the trial court was

15. *Forsman v. Forsman,* 779 P.2d 218, 220 (Utah 1989); *Rice,* 456 P.2d at 161–64.

16. See *CECO v. Concrete Specialists Inc.,* 772 P.2d 967, 969–70 (Utah 1989), wherein we stated that estoppel requires proof of *"reasonable* action or inaction by the other party taken or not taken on the basis of the first party's statement, admission, act, or failure to act." *Id.* (emphasis added). See also *Larson v. Wycoff Co.,* 624 P.2d 1151, 1155 (Utah 1981), wherein we stated, "A party claiming an estoppel cannot rely on representations or acts ... if he had the means by which with *reasonable diligence* he could ascertain the true situation." *Id.* (emphasis added). *See also* Allan E. Korpela, Annotation, *Fraud, Misrepresentation, or Deception as Estopping Reliance on Statute of Limitations,* 43 A.L.R.3d 429, 443 (1972); Allan E. Korpela, Annotation, *Promise to Settle or Perform as Estopping Reliance on Statute of Limitations,* 44 A.L.R.3d 482,

488 (1972); Allan E. Korpela, Annotation, *Plaintiff's Diligence as Affecting His Right to have Defendant Estopped From Pleading the Statute of Limitations,* 44 A.L.R.3d 760, 768 (1972).

17. *See generally* 43 A.L.R.3d at 443; 44 A.L.R.3d at 488; 44 A.L.R.3d at 768 and cases cited therein.

18. *Rice,* 456 P.2d at 161–64.

19. *Vincent,* 583 P.2d at 106–07.

20. *Forsman,* 779 P.2d at 220.

21. *Cornwall v. Larsen,* 571 P.2d 925, 926 (Utah 1977).

22. *Varoz v. Sevey,* 506 P.2d 435, 436 (Utah 1973).

also correct in granting summary judgment on that ground.

Affirmed.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.