Carwin C. WILLIAMS, Plaintiff and Appellee,

v.

Jackson HOWARD and Howard, Lewis & Petersen, Defendants and Appellants.

No. 970331.

Supreme Court of Utah.

Dec. 4, 1998.

---

Richard K. Hincks, Jay R. Mohlman, Scott M. Ellsworth, Salt Lake City, for plaintiff.

Carman E. Kipp, Gregory J. Sanders, Salt Lake City, for defendants.

HOWE, Chief Justice:

Defendants Jackson Howard and the law firm of Howard, Lewis & Petersen (collectively, "Howard") appeal from an interlocutory ruling granting plaintiff Carwin Williams' motion for partial summary judgment and denying Howard's motion to dismiss. Howard raises the issue of whether the statute of limitations bars an action for legal malpractice commenced over four years after the cause of action arose where the plaintiff became aware of the malpractice prior to the expiration of the statute of limitations period.

## BACKGROUND

On July 19, 1991, Williams was injured when he stepped on a water meter cover in his yard that he asserts was not securely bolted. Nearly a year later, Williams retained Howard to bring an action against Springville City, which, Williams asserts, "was responsible for the care and maintenance of the water meter cover."

On June 24, 1992, Howard prepared a notice of claim pursuant to Utah Code Ann. §§ 63-30-11 and -13, which require a "written notice of claim" to be filed "within one year after the claim arises." After both Howard and Williams signed the notice, Howard gave instructions to his secretary to have the notice served and filed with Springville City. On July 28, 1992, nine days after the one-year statutory deadline to file the notice, Howard discovered that the notice

had not been filed as he had instructed. On July 31, 1992, Howard met with Williams to account for the mistake; he explained that the notice had not been filed by the July 19, 1992, deadline and that Williams' claim was now most likely barred under section 63–30–13. Approximately a week later, Williams also received a letter in which Howard again acknowledged his mistake and accepted "responsibility for any loss that [Williams] sustained by reason of [Howard's] failure," stating "that to the extent that Springville City should be liable" to Williams, Howard was similarly liable. Howard also warned Williams of a potential conflict of interest if Williams was interested in pursuing a products liability claim against the manufacturer of the meter cover. Howard "recommend[ed] that [Williams] take this letter to another lawyer ... and have it reviewed by him ... [for] independent legal advice concerning the nature of the issue, the questions that the claim against Springville City pose and the questions that your claim against this office may pose" at Howard's expense.

Subsequently, on July 30, 1996—four years and eleven days after the aforementioned statutory deadline—Williams, acting pro se, filed this legal malpractice action against Howard. After he retained counsel, Williams later filed an amended complaint. Howard moved to dismiss the amended complaint, arguing that a four-year statute of limitations, set forth in Utah Code Ann. § 78–12–25, barred the complaint. Williams responded by moving for partial summary judgment, asserting that the complaint was timely filed. The district court granted Williams' motion for partial summary judgment and denied Howard's motion to dismiss. We granted Howard's petition for an interlocutory appeal.

## ANALYSIS

### I. STATUTE OF LIMITATIONS

 It is generally accepted that a statute of limitations begins to run upon the occurrence of the last event required to form the elements of the cause of action. *See Valley Colour, Inc. v. Beuchert Builders,* 944 P.2d 361, 364 (Utah 1997); *Berenda v. Langford,* 914 P.2d 45, 50–51 (Utah 1996); *Walker Drug Co. v. La Sal Oil Co.,* 902 P.2d 1229, 1232 (Utah 1995); *O'Neal v. Division of Family Servs.,* 821 P.2d 1139, 1143 (Utah 1991); *Myers v. McDonald,* 635 P.2d 84, 86 (Utah 1981). Furthermore, the " 'mere ignorance of the existence of a cause of action does not prevent the running of the statute of limitations.' " *Warren v. Provo City Corp.,* 838 P.2d 1125, 1129 (Utah 1992) (quoting *Myers,* 635 P.2d at 86)). Applying the general rule in the instant case, the four-year statute of limitations started to run on July 19, 1992—the date on which Williams' potential action against Springville City failed because of Howard's neglect in filing the notice. Thus, the four-year statute of limitations expired on July 19, 1996—eleven days before Williams filed this action on July 30, 1996.

### II. THE DISCOVERY RULE

Special situations exist in which the so-called discovery rule tolls the running of the statute of limitations. *Myers,* 635 P.2d at 86. The discovery rule is a judicially created doctrine under which

> the statute of limitation does not begin to run until the plaintiff learns of or in the exercise of reasonable diligence should have learned of the facts which give rise to the cause of action. *The discovery rule functions as an exception to the normal application of a statute of limitation.*

*Klinger v. Kightly,* 791 P.2d 868, 869 (Utah 1990) (emphasis added) (citing *Brigham Young Univ. v. Paulsen Constr. Co.,* 744 P.2d 1370, 1373–74 (Utah 1987); *Becton Dickinson & Co. v. Reese,* 668 P.2d 1254 (Utah 1983); *Myers,* 635 P.2d at 86) (other citations omitted)). Williams relies upon *Merkley v. Beaslin,* 778 P.2d 16 (Utah Ct. App.1989), which he states created a per se rule for application of the discovery rule in legal malpractice cases to which "Utah courts have adhered without exception." We disagree. In *Merkley,* the alleged malpractice

was committed in May 1976. Suit was not brought until July 30, 1984. The trial court concluded that the statute of limitations began to run in May 1976 and dismissed the action. On appeal, the court of appeals wrote:

> Here, the alleged negligence was respondent's failure, at the time of the original transaction, [May 1976,] to fully inform appellant of the necessity to refile the UCC–1. In view of the trial court's erroneous conclusion that the statute started to run at the time of the occurrence in 1976, it had no occasion to determine when appellant actually discovered it. If that date is determined to be prior to July 30, 1980, the action is barred by the statute of limitations. If the date is shown to be thereafter, the action is timely and should be decided on its merits.

778 P.2d at 20.

We interpret the above-quoted language to mean that if the appellant discovered or should have discovered the malpractice within the four-year period immediately prior to the filing of the action on July 30, 1984, the filing was timely. But if the discovery occurred or should have occurred anytime prior to July 30, 1980, the action was filed untimely. Significantly, the court did not state that if the malpractice was discovered or should have been discovered at a date after May 1976 but before July 30, 1980, the appellant would have four years from the date of discovery to bring his action. The court simply did not have that fact situation before it and consequently did not express any opinion on it. *Merkley* therefore does not hold that the discovery rule applies in every situation. Later cases of the court of appeals which seemingly cite *Merkley* as holding that a cause of action for legal malpractice accrues, and the four-year statute of limitations commences to run when the act complained of is discovered or, in the exercise of reasonable care should have been discovered, we believe overstate its holding. *See Callahan v. Sheaffer*, 877 P.2d 1259, 1261 (Utah Ct.App.1994); *Aragon v. Clover Club Foods Co.*, 857 P.2d 250, 252 & n. 4 (Utah Ct.App.1993); *Breuer–Harrison,*

*Inc. v. Combe*, 799 P.2d 716, 728 n. 5 (Utah Ct.App.1990).

■ There are three situations in which we have determined that application of the discovery rule is appropriate: (1) where the application of the rule is mandated by statute; (2) where a plaintiff is unaware of a cause of action because of the defendant's misleading conduct or concealment; and (3) where application is warranted by the existence of special circumstances that would, based on a balancing test, render application of the statute of limitations unjust or irrational. *See Walker Drug*, 902 P.2d at 1231 (quoting *Warren*, 838 P.2d at 1129). These situations are sufficiently broad to allow us to address the issue in the instant case. The creation of a per se rule applying the discovery rule to legal malpractice is therefore unnecessary.

■ Applying these guidelines to the instant case, we find the discovery rule inapplicable here. It is undisputed that there is no applicable statute mandating use of the discovery rule, and there was no concealment or misleading conduct by either Howard or the law firm. Indeed, Howard notified Williams of the mistake almost immediately upon discovering it himself. Moreover, while there may be situations in which the special circumstances exception should dictate application of the discovery rule to legal malpractice claims, we have held that before reaching the aforementioned balancing test "an initial showing must be made that the plaintiff did not know of and could not reasonably have known of the existence of the cause of action in time to file a claim within the limitation period." *Warren*, 838 P.2d at 1129 (citing *Atwood v. Sturm, Ruger & Co.*, 823 P.2d 1064, 1065 (Utah 1992); *O'Neal*, 821 P.2d at 1144; *Brigham Young Univ.*, 744 P.2d at 1374). *Klinger v. Kightly*, 791 P.2d 868 (Utah 1990), is such a case where the plaintiff discovered the injury only after the statute of limitations period *expired*. Here, Williams learned of the malpractice twelve days after the deadline to file the notice of claim with Springville City expired. As with the plain-

tiff in *Atwood*, Williams does not offer a reasonable explanation as to why he—either pro se or with assistance of legal counsel—could not have filed an action against Howard and the law firm at some time between July 31, 1992, and July 19, 1996.[1] In view of the foregoing reasoning, we find that the trial court erred in applying the discovery rule.

## CONCLUSION

The discovery rule has no application when none of the three aforementioned situations are present. Furthermore, we stress that "the discovery rule does not apply to a plaintiff who becomes aware of his injuries or damages and a possible cause of action before the statute of limitations expires." *Atwood*, 823 P.2d at 1065. Accordingly, we reverse the trial court's grant of partial summary judgment for Williams and denial of Howard's motion to dismiss. We remand this case with the instruction that the trial court grant Howard's motion to dismiss the action.

Associate Chief Justice DURHAM, Justice STEWART, Justice ZIMMERMAN, and Justice RUSSON concur in Chief Justice HOWE'S opinion.

1. At oral arguments before this court, Williams claimed the delay was because he "couldn't find an attorney to handle the case for him. Mr. Howard ... is a prominent attorney ... in Provo; [Williams] is a professor at [Brigham Young University]. He tried and tried ... and simply could not find an attorney." We find this to be an unconvincing argument.