1999 UT 52

Newton ESTES, Plaintiff and Appellant,

v.

The Honorable Don V. TIBBS,
Defendant and Appellee.

Newton Estes, Plaintiff and Appellant,

v.

The Honorable Kenneth Rigtrup and
the Honorable James Sawaya,
Defendants and Appellees.

Nos. 970193, 970371, 970372.

Supreme Court of Utah.

May 25, 1999.

Todd M. Shaughnessy, Salt Lake City, for plaintiff.

Jan Graham, Att'y Gen., Brent A. Burnett, Asst. Att'y Gen., Salt Lake City, for defendants.

HOWE, Chief Justice:

¶ 1 Plaintiff Newton Estes appeals from the dismissal of three complaints he filed against three district court judges, alleging separate violations of Utah Code Ann. § 78–35–1. All three cases have been consolidated for purposes of this appeal.

¶ 2 Estes, acting pro se, filed self-styled "petitions for recovery of monetary penalties"[1] against three district judges, Judges Don V. Tibbs, Kenneth Rigtrup, and James Sawaya (collectively, "the judges"), each of whom had previously denied one of Estes' habeas corpus petitions. Estes filed each complaint pursuant to Utah Code Ann. § 78–35–1, which provides:

> Any judge, whether acting individually or as a member of a court, who wrongfully and willfully refuses to allow a writ of habeas corpus whenever proper application for the same has been made shall forfeit and pay a sum not exceeding $5,000 to the party thereby aggrieved.

shall do so here.

---

1. At every level, these "petitions" have been treated and referred to as "complaints," and we

Although the conduct giving rise to Estes' claims against the judges occurred in April 1990 for Judge Rigtrup, July 1990 for Judge Sawaya, and late 1991/early 1992 for Judge Tibbs, Estes did not file the complaints against Judges Tibbs and Rigtrup until July 1996 and did not file the complaint against Judge Sawaya until August 1996. In each instance, Estes asserted that the judge "wrongfully and wilfully refuse[d] to allow" his petition.

¶ 3 Each of the judges moved to dismiss the individual action against them on four grounds. They contended that (1) the actions were barred by the statute of limitations; (2) there had been no timely filing of a notice of claim, in violation of Utah Code Ann. § 63–30–12;[2] (3) these actions and a previous federal action were "based upon the same factual predicate" and were therefore barred by collateral estoppel; and (4) Estes failed to state a claim upon which relief can be granted. The trial court dismissed the action against Judge Tibbs on grounds one and two; the actions against Judges Rigtrup and Sawaya were dismissed on all four grounds. Estes appeals from the dismissal of these actions, assigning as error each of the four bases upon which the complaints were dismissed.

■ ¶ 4 The trial court's application of a statute of limitations presents a question of law which we review for correctness. *Julian v. State*, 966 P.2d 249, 252 (Utah 1998). The applicable statute of limitations reads, in pertinent part: "An action may be brought *within one year* ... upon a statute for a penalty or forfeiture where the action is given to an individual, or to an individual and the state, except when the statute imposing it prescribes a different limitation...." Utah Code Ann. § 78–12–29(2) (1996) (emphasis added).

¶ 5 Estes concedes that his causes of action are subject to the one-year statute of limitations because the events giving rise to the actions arose four to six years before he filed his complaints. However, he asks us, as he asked the trial court, to find that the statute of limitations should have been equitably tolled. Estes argues that "the limitations period should have been tolled during the time he was in prison because, among other things, he lacked access to a lawyer or a legal library that would have permitted him to pursue his claims." In so arguing, Estes relies upon language from *Sevy v. Security Title Co.*, 902 P.2d 629 (Utah 1995), where this court held that a statute of limitations could be tolled in "exceptional circumstances where the application of the general rule would be 'irrational' or 'unjust.'" *Id.* at 636 (citing *Warren v. Provo City Corp.*, 838 P.2d 1125, 1129 (Utah 1992)). In *Sevy*, we also enunciated a balancing test to aid in such a determination, where any hardships the claimant may suffer under application of the statute of limitations are weighed against any prejudice the defendant may suffer as a result of the passage of time. *Id.* Some of the factors we delineated included "whether the defendant's problems caused by the passage of time are greater than the plaintiff's ... and whether the claim has aged to the point that witnesses cannot be located, evidence cannot be found, and the parties cannot remember basic events." *Id.* (citing *Klinger v. Kightly*, 791 P.2d 868, 872 (Utah 1990); *Myers v. McDonald*, 635 P.2d 84, 87 (Utah 1981)).[3]

■ ¶ 6 Estes argues that the judges will not suffer any hardship by tolling the statute of limitations because the "relevant evidence

2. Section 63–30–12 reads:

A claim against the state, or against its employee for an act or omission occurring during the performance of [the employee's] duties, within the scope of employment, or under color of authority, is barred *unless notice of claim is filed* with the attorney general ... *within one year after the claim arises,* or before the expiration of any extension of time granted under Section 63–30–11....

(Emphasis added.)

3. Historically, Utah Code Ann. § 78–12–36, dealing with the effect of a person's disability upon the running of the statute of limitations, provided that the statute of limitations was tolled for a person who is "[i]mprisoned on a criminal charge, or in execution under the sentence of a criminal court, for a term less than for life." Utah Code Ann. § 78–12–36 (1975). The legislature deleted this portion of the statute in 1987, yet it seems that Estes believes this to somehow aid his case. We are not persuaded; this deleted provision is not controlling in any way.

is set forth in the various records of the proceedings and there are no witnesses to be located." "[O]n the other hand," he continues, he "would lose his cause of action if the statute [of limitations] were applied." Without more, this is not a persuasive application of the balancing test.

¶ 7 Many claimants lose the opportunity to pursue a cause of action when a statute of limitations is applied to their individual cases; the fact that all required evidence is already in the record does not serve to tilt the balance any further towards a claimant's position. Every case in which we have addressed a "special circumstances exception" has dealt with tolling a statute of limitations through application of the discovery rule. *See, e.g., Williams v. Howard,* 970 P.2d 1282 (Utah 1998); *Burkholz v. Joyce,* 972 P.2d 1235 (Utah 1998); *Walker Drug Co. v. La Sal Oil Co.,* 902 P.2d 1229 (Utah 1995); *Sevy v. Sec. Title Co.,* 902 P.2d 629 (Utah 1995); *Warren v. Provo City Corp.,* 838 P.2d 1125 (Utah 1992); *Klinger v. Kightly,* 791 P.2d 868 (Utah 1990); *Brigham Young Univ. v. Paulsen Constr. Co.,* 744 P.2d 1370 (Utah 1987); *Myers v. McDonald,* 635 P.2d 84 (Utah 1981).[4] While discovery of the injury is not at issue here, even when couched as "equitable tolling," such a tolling rule requires more egregious circumstances than we find in this case. Courts should be cautious in tolling a statute of limitations; liberal tolling could potentially cause greater hardships than it would ultimately relieve.[5]

¶ 8 The mere lack of legal counsel or a law library are both insufficient reasons for tolling the statute of limitations in this case. Estes' very actions belie his argument: He filed the original three petitions against the judges pro se while he was in prison. As was the case with the appellant in *Williams,* 970 P.2d at 1286, Estes does not offer a reasonable explanation as to why he could not have filed a pro se action against the judges at some time within a year of the denials of his several habeas petitions.

¶ 9 In sum, application of the "special circumstances exception" must be reserved for instances where it would be truly "irrational" or "unjust" to apply a statute of limitations. The trial court did not find that here. We agree with the trial court's determination. Accordingly, we uphold the dismissal of Estes' complaints.

¶ 10 As Estes' complaints were time-barred, it is unnecessary for us to address his other assignments of error. The trial court's dismissals are hereby affirmed.

¶ 11 Associate Chief Justice DURHAM, Justice STEWART, Judge WILKINS, and Judge McCLEVE concur in Chief Justice HOWE's opinion.

¶ 12 Having disqualified themselves, Justice ZIMMERMAN and Justice RUSSON do not participate herein; Utah Court of Appeals Judge MICHAEL WILKINS and District Judge SHEILA McCLEVE sat.

---

4. When addressing this discovery rule exception, we have usually required a preliminary threshold test to determine whether the claimant actually knew of or should have discovered the cause of action prior to the running of the statute of limitations. *See, e.g., Williams,* 970 P.2d at 1285; *Burkholz,* 972 P.2d at 1237; *Walker Drug,* 902 P.2d at 1231; *Warren,* 838 P.2d at 1129.

5. We note that as a public policy concern, the cost to the judicial system itself would be tremendous, both in monetary terms and in terms of scheduling and time constraints. These costs would most certainly trickle down to affect every claimant, whether represented by counsel or pro se.