2018 UT App 104

# THE UTAH COURT OF APPEALS

MONTY MOSHIER AND KELLY MOSHIER,
Appellants,
*v.*
DARWIN C. FISHER,
Appellee.

Opinion
No. 20160856-CA
Filed June 7, 2018

Fifth District Court, St. George Department
The Honorable G. Michael Westfall
No. 150500584

Russell S. Walker, David R. Williams, and Anthony
M. Grover, Attorneys for Appellants

Michael F. Skolnick and Sarah C. Vaughn, Attorneys
for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES KATE A. TOOMEY and JILL M. POHLMAN concurred.

MORTENSEN, Judge:

¶1      Some people say time heals all wounds;[1] in the law, time
often forecloses recovery. Monty and Kelly Moshier lost their
chance to collect all $874,805.68 owed to them in a bankruptcy
proceeding when their attorney, Darwin C. Fisher, failed to file a
nondischargeability complaint by the statutory deadline,
December 29, 2010. Despite learning of Fisher's malpractice by
no later than March 2012, the Moshiers waited until October
2015 to file a malpractice lawsuit against him. The district court

---

1. *See* Geoffrey Chaucer, *Troilus and Criseyde* 243 (1888) ("As
tyme hem hurt / a tyme doth hem cure.").

granted Fisher's motion for summary judgment on the Moshiers' malpractice claim on statute of limitations grounds. The Moshiers appeal that decision. We affirm.

BACKGROUND

¶2     The Moshiers obtained a judgment against Allen and Laura Cottam for fraud, misrepresentation, and punitive damages in relation to the sale of a house. Thereafter, around September 23, 2010, the Cottams filed for bankruptcy. At about the same time, the Moshiers retained Fisher to represent them in the Cottam bankruptcy case. Fisher did not file the Moshiers' nondischargeability claim until November 2011. The parties do not dispute that the deadline for filing such a claim was December 29, 2010. The bankruptcy court dismissed the Moshiers' nondischargeability claim as untimely.

¶3     Fisher informed the Moshiers in March 2012 that he missed the filing deadline for their nondischargeability complaint and that the complaint had been dismissed. Fisher also told the Moshiers that he had filed a claim with his malpractice insurance on the Moshiers' behalf and suggested that they retain new counsel. The Moshiers assert that they were under the impression that they did not need to initiate any legal action against Fisher because he had filed an insurance claim. They also assert that they believed they would still receive full payment of their judgment against the Cottams through their proof of claim in the bankruptcy proceeding[2] because they thought their claim was fully secured. The Moshiers' claim was

_____

2. A proof of claim is "[a] creditor's written statement that is submitted [in a bankruptcy proceeding] to show the basis and amount of the creditor's claim." *Proof of claim*, Black's Law Dictionary (10th ed. 2014).

eventually treated as only partially secured, and they collected just $197,660.36 of their $874,805.68 judgment.

¶4    In the latter part of 2013, the Moshiers learned they would not receive the full amount of their claim.[3] The Moshiers retained new counsel on June 17, 2014, to pursue a malpractice claim against Fisher, but they did not file a lawsuit against him until October 6, 2015.

¶5    Fisher filed a motion styled as a motion to dismiss or, in the alternative, for summary judgment, which the district court granted. The Moshiers appeal.

ISSUES AND STANDARDS OF REVIEW

¶6    The Moshiers contend that the district court erred in granting Fisher's motion for summary judgment because (1) a six-year, rather than a four-year, statute of limitations applies; (2) the statute of limitations did not begin to run until it was clear that they would not receive the full amount of their claim; and (3) the discovery rule applies, which would delay triggering the statute of limitations. Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Utah R.

---

3. The Moshiers' opening brief identifies both the latter part of 2013 and July 14, 2014, as dates at which they first learned that they would not receive the full amount of their claim. We note, however, that our analysis of the district court's grant of summary judgment is unaffected whether we use the earlier or the latter date. Therefore, this factual distinction is immaterial. *See Alliant Techsystems, Inc. v. Salt Lake County Board of Equalization*, 2012 UT 4, ¶ 31, 270 P.3d 441 ("A disputed fact is material if it affects the rights or liabilities of the parties." (cleaned up)).

Civ. P. 56(a). "This court reviews a [district] court's legal conclusions and ultimate grant or denial of summary judgment for correctness, and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Forsberg v. Bovis Lend Lease, Inc.*, 2008 UT App 146, ¶ 7, 184 P.3d 610 (cleaned up). "The applicability of a statute of limitations and the discovery rule are questions of law, which we review for correctness." *Jensen v. Young*, 2010 UT 67, ¶ 10, 245 P.3d 731 (cleaned up).

ANALYSIS

I. The Six-Year Statute of Limitations

¶7    We first address the Moshiers' contention that the district court erred in dismissing their breach of contract claim on the basis that it is subject to a six-year statute of limitations period. Because it is well settled that legal malpractice claims are subject to a four-year statute of limitations, we disagree.

¶8    "The limitations period for a legal malpractice claim is four years." *Jensen v. Young*, 2010 UT 67, ¶ 15, 245 P.3d 731; *see also* Utah Code Ann. § 78B-2-307(3) (LexisNexis Supp. 2017) (imposing a catch-all, four-year limitations period where a more specific period does not apply). "The general rule is that a plaintiff will not be permitted to characterize a tort action as one in contract in order to avoid the bar of the statute of limitations." *DOIT, Inc. v. Touche, Ross & Co.*, 926 P.2d 835, 842 n.13 (Utah 1996) (cleaned up); *see also Boyd v. Jones*, 85 F. App'x 77, 80 (10th Cir. 2003) ("Under Utah law, a plaintiff will not be permitted to characterize a tort action as one in contract in order to avoid the bar of the statute of limitations." (cleaned up)).

¶9    The Moshiers' complaint alleged (1) professional misconduct, (2) breach of contract, and (3) breach of fiduciary duty. In so doing, the Moshiers characterized Fisher's legal

representation and malpractice as that of contractual breach, an action that may be brought within six years. *See* Utah Code Ann. § 78B-2-309(2) (2012). But the Moshiers do not allege any misconduct specific to their contract, and they instead "simply claim that [Fisher] failed to exercise the reasonable care which the law requires." *See DOIT, Inc.*, 926 P.2d at 842 n.13. Therefore, the district court's decision that "the substance of [the Moshiers'] contract claim is [Fisher's] professional negligence" was not error, and the court correctly applied the four-year statute of limitations.

## II. The Trigger of the Statute of Limitations

¶10 Having established that a four-year statute of limitations period applies to the Moshiers' claim, we next analyze their argument that the statute of limitations was not triggered until long after Fisher missed the filing deadline—namely, that the statute of limitations did not begin to run until their damages were certain.

¶11 The Moshiers argue that the district court erred in dismissing their legal malpractice claim on timeliness grounds because they did not suffer damages until it was clear that their underlying bankruptcy claim would not fully compensate them. We disagree. The Moshiers were injured the moment they lost, through their attorney's failure to file, their right to recover under a nondischargeability complaint on December 29, 2010— the deadline for Fisher to file the nondischargeability claim. Thus, the four-year statute of limitations for their malpractice claim had run by the time they filed their complaint in the district court on October 6, 2015.

¶12 *Jensen v. Young*, 2010 UT 67, 245 P.3d 731, is controlling here. In *Jensen*, the Utah Supreme Court examined the applicability of the statute of limitations in a legal malpractice lawsuit. *Id.* ¶¶ 10–11. That case involved a defamation claim based upon a news broadcast that implied that Jensen, a doctor,

had illegally prescribed drugs to patients. *Id.* ¶ 2. Jensen subsequently filed a malpractice claim against his attorney who had failed to timely file his defamation claim. *Id.* ¶ 6. The *Jensen* court explained, "The last event required to form the elements of a cause of action for legal malpractice occurs on the date the limitations period runs on a client's claim. Therefore, a client's claim for legal malpractice accrues on the date that the attorney misses the statute of limitations." *Id.* ¶ 13 (citation omitted).[4]

¶13　Applying the general rule articulated in *Jensen* to this case, the "last event" occurred on December 29, 2010, when Fisher missed the deadline to file a nondischargeability complaint. The Moshiers filed a complaint against him for legal malpractice on October 6, 2015—more than four years later—and the claim therefore was not timely.

¶14　The Moshiers nevertheless argue that the law articulated in *Jensen* should be distinguished because they contend that they were not injured until it was clear that they would not receive the full amount owed in the still viable proof of claim action in the bankruptcy court. Therefore, they argue, Fisher's error did not "foreclose the Moshiers' right to recover in full and their 'injury remain[ed] uncertain or inchoate.'" (Quoting *Wagner v. Sellinger*, 847 A.2d 1151, 1156 (D.C. 2004).)

¶15　The argument is unpersuasive. A nondischargeability action is an independent action commenced by way of a complaint to obtain a determination of whether a debt is dischargeable. *See* 11 U.S.C. § 523(c)(1) (2012) ("[T]he debtor shall be discharged from a debt . . . unless, on request of the creditor to whom such debt is owed, and after notice and a

---

4. The *Jensen* court also examined the application of the discovery rule, an exception to the triggering date for the statute of limitations, which we analyze in the next section. *See infra* Part III.

hearing, the court determines such debt to be excepted from discharge[.]"); Fed. R. Bankr. P. 4007.[5] On the other hand, a proof of claim is simply a "creditor's statement as to the amount and character of the claim" and "the creditor has the ultimate burden of persuasion as to the validity and amount of the claim." *Agricredit Corp. v. Harrison* (*In re Harrison*), 987 F.2d 677, 680 (10th Cir. 1993) (cleaned up). In other words, a proof of claim is a procedural mechanism available in a bankruptcy action, whereas a nondischargeability claim is a distinct and separate cause of action altogether.

¶16 Injury in a malpractice action is defined as "the loss or impairment of a right, remedy, or interest that otherwise would have been available but for the attorney's negligence." *Jensen*, 2010 UT 67, ¶ 19 (cleaned up). When the statute of limitations on the nondischargeability complaint ran, the independent right to pursue nondischargeable debt died. It is of no consequence that the Moshiers were not certain as to the amount of damages. Under our supreme court's holding in *Jensen*, the moment the Moshiers lost their right to pursue their claim under a nondischargeability action, they were injured. Accordingly, the statute of limitations period for their malpractice claim began to

---

5. Rule 4007 of the Federal Rules of Bankruptcy Procedure states, "A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt." Fed. R. Bankr. P. 4007(a). Thus, obtaining a determination of the dischargeability of a debt involves a separately filed complaint. Rule 4007 further provides the time by which a complaint to determine dischargeability must be filed, which is "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." *Id.* R. 4007(c). "Generally, therefore, a complaint to determine dischargeability must be filed within 60 days of the § 341(a) meeting, or the debt is discharged." *Irons v. Santiago* (*In re Santiago*), 175 B.R. 48, 49 (B.A.P. 9th Cir. 1994).

run on the date when Fisher missed the deadline—December 29, 2010.

## III. The Discovery Rule

¶17 Finally, the Moshiers argue that the district court erred in not applying the discovery rule to delay triggering the statute of limitations. This argument fails because the Moshiers have not established circumstances warranting the application of the discovery rule.

¶18 "The discovery rule is a judicially created doctrine under which the statute of limitations does not begin to run until the plaintiff learns of or in the exercise of reasonable diligence should have learned of the facts which give rise to the cause of action." *Jensen v. Young*, 2010 UT 67, ¶ 17, 245 P.3d 731 (cleaned up). The discovery rule applies in three circumstances:

> (1) in situations where the discovery rule is mandated by statute; (2) in situations where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct; and (3) in situations where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action.

*Id.* (cleaned up).

¶19 None of the three circumstances apply in this case. First, the rule is not mandated by statute. Next, for the discovery rule to apply under either the second or third circumstance, the Moshiers must show that they were unaware of the injury and possible cause of action prior to the expiration of the statute of limitations. *See id.* ¶¶ 17–18 (explaining that "under the

exceptional circumstances prong of the discovery rule," parties "must make a threshold showing that [they were] unaware of [their] injuries or damages and a possible cause of action before the statute of limitations expired" (cleaned up)). Here, the Moshiers were aware of Fisher's conduct—he told them that he had committed malpractice and that he had filed a claim on their behalf with his malpractice insurance carrier—within a few months after missing the deadline. Further, the Moshiers were represented by new counsel by June 2014, nearly six months *before* the statute of limitations expired, for the specific purpose of pursuing their malpractice claim. Thus, the Moshiers cannot assert that they were unaware of their claim against Fisher before the statute of limitations expired and, therefore, the second and third circumstances of the discovery rule do not apply.

¶20   The Moshiers also argue that the discovery rule should apply because they were not damaged until their underlying proof of claim failed to produce full recovery. For the same reasons discussed above, *see supra* Part II, *Jensen* controls in this case and the Moshiers were damaged the moment they lost their ability to file a nondischargeability complaint. We therefore reject their argument and conclude that the district court did not err when it refused to apply the discovery rule.

CONCLUSION

¶21   The district court properly dismissed the Moshiers' malpractice claim against Fisher. Under *Jensen*, the four-year statute of limitations for the claim had run by the time the Moshiers filed it. Further, under *Jensen*, the Moshiers were damaged when they lost their ability to recover through a nondischargeability complaint. Finally, none of the circumstances here warrant the application of the discovery rule.

¶22   Affirmed.   _____