*This opinion is subject to revision before final publication in the Pacific Reporter*

**2019 UT 29**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

MATTHEW ROSS THOMAS,
*Appellant,*

*v.*

LYLE HILLYARD and HILLYARD, ANDERSON & OLSEN, P.C.,
*Appellees.*

No. 20170914
Filed July 2, 2019

On Direct Appeal

First District, Cache County
The Honorable Michael D. Lyon
No. 170100149

Attorneys:

Troy L. Booher, Beth E. Kennedy, Jeffrey R. Oritt, Salt Lake City,
for appellant

Michael F. Skolnick, Jeremy R. Speckhals, Salt Lake City,
for appellees

CHIEF JUSTICE DURRANT authored the opinion of the Court, in
which ASSOCIATE CHIEF JUSTICE LEE, JUSTICE HIMONAS,
JUSTICE PEARCE, and JUSTICE PETERSEN joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

## Introduction

¶ 1 Matthew Ross Thomas claims he was convicted of two
felonies because of malpractice by his trial counsel, Lyle Hillyard.
Following his trial, Mr. Thomas hired new counsel and was able to
secure a new trial. He then accepted a plea deal in which he achieved
a better result than he had received at trial—replacing two felony
convictions with three misdemeanor convictions. We must
determine when his malpractice cause of action accrued.

¶ 2   The district court granted summary judgment in favor of Mr. Hillyard, concluding that Mr. Thomas's malpractice action was barred by the statute of limitations. He now appeals. Mr. Hillyard argues that the elements of a legal malpractice claim were all provable at the time the jury first returned its guilty verdict. He asserts that Mr. Thomas's claim for legal malpractice therefore accrued on that date, and the statute of limitations began to run. Because Mr. Thomas filed his claim after the four-year statute of limitations had run, he claims it was untimely. Mr. Thomas, on the other hand, argues that the element of causation could not be proven until he received a more favorable result, which happened when he accepted the plea deal. Alternatively, he asserts that his claim accrued when he was granted a new trial. The date of both of these events would place the filing of Mr. Thomas's malpractice action within the statute of limitations. We conclude that Mr. Thomas's claim accrued at the conclusion of his criminal case—when he pled guilty to three misdemeanors. Because we find that Mr. Thomas's claim was timely filed, we reverse.

## Background[1]

¶ 3   Mr. Thomas was charged and convicted of two counts of aggravated sexual abuse. He hired Mr. Hillyard as his attorney. On October 26, 2012, a jury found him guilty of both felony counts. Mr. Thomas contends that Mr. Hillyard's representation at trial was deficient in several respects. Specifically, he argues that Mr. Hillyard failed to object to inadmissible testimony from Mr. Thomas's daughter and her counselor, failed to object to inadmissible other-acts evidence presented in his ex-wife's testimony, failed to request key jury instructions, and failed to object to prejudicial statements in the prosecutor's closing argument.

¶ 4   Mr. Thomas hired new attorneys, and on January 7, 2013, they filed a motion to arrest judgment, claiming ineffective assistance of counsel based on Mr. Hillyard's alleged errors. This motion was granted on May 24, 2013, and Mr. Thomas was granted a new trial. On October 24, 2014, Mr. Thomas pled guilty to three misdemeanor charges and was released from custody.

---

[1] "When reviewing an order granting summary judgment, the facts and all reasonable inferences that can be drawn from the facts are viewed in a light most favorable to the party opposing the motion." *Johnson v. Morton Thiokol, Inc.*, 818 P.2d 997, 998 (Utah 1991). We recite the facts accordingly.

¶ 5 On May 23, 2017, Mr. Thomas sued Mr. Hillyard for malpractice. The complaint alleged that Mr. Hillyard's representation fell below a reasonable standard of care, proximately causing economic and noneconomic damages. Mr. Hillyard filed a motion for summary judgment, arguing that the malpractice action was time-barred under the four-year statute of limitations applicable to legal malpractice actions. He grounded this motion on a theory that the claim accrued on the date the jury returned a guilty verdict, October 26, 2012.

¶ 6 Mr. Thomas opposed the motion, arguing that the malpractice action did not accrue until he obtained relief from his felony convictions on October 24, 2014. Since he filed his complaint two and a half years after that, he asserted that he filed within the statute of limitations. Alternatively, he claimed that, at the earliest, the action accrued when he was granted a new trial, which happened three years and 364 days prior to his filing, also within the statute of limitations. So either way, he asserts, he was still within the statute of limitations.

¶ 7 The district court granted summary judgment in favor of Mr. Hillyard. It ruled that the malpractice action accrued when Mr. Thomas was convicted on the felony charges. The court concluded that, at the latest, his cause of action accrued when he incurred legal fees for the post-trial motion he filed on January 7, 2013.

¶ 8 Mr. Thomas timely appealed the district court's ruling to this court, and we have jurisdiction pursuant to Utah Code section 78A-3-102(3)(j).

**Standard of Review**

¶ 9 A district court's application of a statute of limitations and grant of summary judgment are both questions of law, which we review for correctness.[2] But application of a statute of limitations may also involve "subsidiary factual determination[s,]" which we review "in the light most favorable to the non-moving party."[3]

**Analysis**

¶ 10 Mr. Thomas argues that his legal malpractice claim did not accrue until he received a result more favorable than he had received

---

[2] *Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2007 UT 25, ¶ 11, 156 P.3d 806.

[3] *Id.* (internal quotation marks omitted).

at trial—pleading to misdemeanor charges rather than felony charges. Mr. Hillyard, on the other hand, asserts that the claim accrued, at the latest, when Mr. Thomas moved to arrest judgment. We hold that a legal malpractice claim based on alleged malpractice committed in the course of a criminal proceeding does not accrue until the underlying action has concluded and there is no appeal of right available. Additionally, we hold that if a defendant chooses to pursue a claim under the Post-Conviction Remedies Act (PCRA), the statute of limitations will be tolled throughout the pendency of the claim. Under this framework, Mr. Thomas's claim was timely. So we reverse and remand to the district court.

## I. A Malpractice Cause of Action Accrues When the Underlying Criminal Action is Final

¶ 11 Under Utah law, a malpractice action must be brought within a four-year limitation period.[4] A statute of limitations "begins to run when the last event necessary to complete the cause of action occurs."[5] The elements of a legal malpractice cause of action based on negligence are "(i) an attorney-client relationship; (ii) a duty of the attorney to the client arising from their relationship; (iii) a breach of that duty; (iv) a causal connection between the breach of duty and the resulting injury to the client; and (v) actual damages."[6] But "the law does not recognize an inchoate wrong."[7] A plaintiff "must wait

---

[4] *See* UTAH CODE § 78B-2-307(3); *see also Jensen v. Young*, 2010 UT 67, ¶ 15, 245 P.3d 731 ("The limitations period for a legal malpractice claim is four years.").

[5] *Sevy v. Sec. Title Co. of S. Utah*, 902 P.2d 629, 634 (Utah 1995); *see also Ash v. State*, 572 P.2d 1374, 1379 (Utah 1977) ("A cause of action arises the moment an action may be maintained to enforce a legal right."); *Young Res. Ltd. P'ship v. Promontory Landfill LLC*, 2018 UT App 99, ¶ 20, 427 P.3d 457 (stating that "a cause of action accrues when a plaintiff could have first filed and prosecuted an action to successful completion" (internal quotation marks omitted)).

[6] *Christensen & Jensen, P.C. v. Barrett & Daines*, 2008 UT 64, ¶ 22, 194 P.3d 931.

[7] *Seale v. Gowans*, 923 P.2d 1361, 1364 (Utah 1996).

until some harm manifests itself," so a claim does not accrue until "a plaintiff suffers actual harm or damages."[8]

¶ 12 In the case at hand, the parties disagree as to "the last event necessary to complete the cause of action."[9] Mr. Hillyard argues that a claim accrues as soon as the client knows of the attorney's alleged negligence. Mr. Thomas counters that the element of causation cannot be satisfied, and the malpractice claim cannot accrue, unless and until the client successfully challenges the conviction.

¶ 13 To prove causation, a plaintiff generally must demonstrate that "he or she would have been better off if the attorney's alleged malpractice had never occurred."[10] We have never explicitly articulated the elements for legal malpractice, or the requirements for proving causation, when the underlying case is criminal.[11] Some jurisdictions "require a criminal defendant to obtain post conviction relief, prove actual innocence, or both, before maintaining a legal malpractice action against the former criminal defense attorney."[12]

---

[8] *Id.*; *see also Hunsaker v. State*, 870 P.2d 893, 897 (Utah 1993) (stating that plaintiffs must plead actual damages along with breach of duty in order to sustain a cause of action for negligence).

[9] *Sevy*, 902 P.2d at 634.

[10] *USA Power, LLC v. PacifiCorp*, 2016 UT 20, ¶ 115, 372 P.3d 629.

[11] Mr. Hillyard cites to *Willey v. Bugden* to suggest that the requirements are the same for criminal malpractice as for civil malpractice. 2013 UT App 297, ¶ 23, 318 P.3d 757. Criminal cases are distinct from civil cases in many respects. But most significantly here, criminal defendants are constitutionally entitled to effective representation under the Sixth Amendment to the United States Constitution. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). So criminal defendants have the additional post-trial remedy of pursuing claims for ineffective assistance of counsel, a claim not afforded in civil cases. *See id.* By contrast, civil clients do not have a Sixth Amendment right to effective assistance of counsel, so they cannot rely on claims of ineffective assistance of counsel. Malpractice actions provide the sole remedy for civil clients against their counsel. And in a civil malpractice action, clients prove causation through a "trial-within-a-trial" to demonstrate that they would have been in a better position, absent the attorney's malpractice. *Harline v. Barker*, 912 P.2d 433, 439–40 (Utah 1996).

[12] *Willey*, 2013 UT App 297, ¶ 10 n.5 (citing *Wiley v. Cty. of San Diego*, 966 P.2d 983, 985 (Cal. 1998); *Canaan v. Bartee*, 72 P.3d 911,

(Continued)

These jurisdictions generally do so upon the ground that "the adjudication of the plaintiff's guilt precludes him from proving proximate cause."[13] We disagree.

¶ 14 This is a question of first impression in this court. But our court of appeals has considered this issue and has not imposed any requirements for a criminal malpractice claim beyond those required in a civil malpractice claim.[14] And we also decline to do so here. Success in a postconviction proceeding or evidence of actual innocence certainly may aid plaintiffs in proving causation or harm. But neither will always be necessary. There may be scenarios in which a plaintiff would not be entitled to postconviction relief but could still demonstrate proximate cause in a legal malpractice action.[15] So while there are obvious differences between civil and criminal settings, none of them suggests that additional burdens should be imposed on criminal defendants who assert malpractice, especially when those burdens may leave some defendants without a remedy. This also maintains uniformity in how we handle malpractice actions. We therefore turn to our existing malpractice caselaw to determine when Mr. Thomas's claim accrued.

---

915–16 (Kan. 2003)); *see also Rosenberg v. Shostak*, 405 S.W.3d 8, 14 (Mo. Ct. App. 2013).

[13] *Rosenberg*, 405 S.W.3d at 13; *see also Wiley*, 966 P.2d at 987 ("Only an innocent person wrongly convicted due to inadequate representation has suffered a compensable injury because in that situation the nexus between the malpractice and palpable harm is sufficient to warrant a civil action . . . .").

[14] *Willey*, 2013 UT App 297, ¶ 10 n.5 (citations omitted).

[15] *See, e.g.*, *Krahn v. Kinney*, 538 N.E.2d 1058 (Ohio 1989). In *Krahn*, defense counsel failed to communicate an offer to Krahn in which the prosecutor offered to dismiss the charges against her in return for her testimony against another party. *Id.* at 1059. Counsel also cancelled Krahn's request for a trial by jury, without her authorization. *Id.* Krahn entered a guilty plea without knowledge of her counsel's malpractice. *Id.* at 1060. She later hired counsel who filed a motion to vacate the judgment, which the court denied. *Id.*; *see also Fischer v. Longest*, 637 A.2d 517, 522–23 (Md. Ct. Spec. App. 1994) (finding that defendant could sue defense counsel for legal malpractice, without challenging the ultimate outcome of the criminal proceeding, where he alleged that counsel's lack of diligence led to an extended pretrial detention).

¶ 15 Though the accrual of a criminal malpractice claim is a question of first impression, we have outlined when malpractice claims accrue in other contexts. In *Clark v. Deloitte & Touche LLP*, the Clarks received incorrect advice from their accountant, were audited by the IRS, and appealed the IRS's findings.[16] After they prevailed in their appeal, the Clarks sued their accountant for malpractice.[17] We held that the claim for accounting malpractice accrued when the underlying action was final and no appeal of right was available—when the tax court issued a final decision on appeal.[18] We also stated that "if the Clarks had received erroneous advice from a tax attorney, as opposed to an accountant," the accrual date would have been the same.[19] And in *Boyd v. Jones*, the Tenth Circuit applied our *Deloitte* decision to the legal malpractice context as well.[20] Both *Deloitte* and *Boyd* emphasized the need to wait until the damages "became sufficiently final for the plaintiffs to know that they could bring a malpractice claim."[21]

¶ 16 Mr. Hillyard notes that both *Deloitte* and *Boyd* were decided prior to our decision in *Jensen v. Young*.[22] In *Jensen*, we held that a claim for malpractice accrued when an attorney missed a statute of limitations deadline for filing a claim.[23] But our decision in *Jensen* failed to consider both *Deloitte* and *Boyd*, and neither case was briefed to the court. And we view *Jensen*'s holding as inconsistent with our reasoning in *Deloitte*.

¶ 17 Today we hold that where there is an ongoing proceeding, the resolution of which informs the fact of malpractice or damages, the claim does not accrue until the conclusion of that proceeding. The underlying case in *Jensen* was relevant to whether Jensen would actually suffer damages as a result of his attorney's alleged malpractice. Jensen filed a complaint with a number of claims, some

---

[16] 2001 UT 90, ¶¶ 4–9, 34 P.3d 209.

[17] *Id.* ¶ 10.

[18] *Id.* ¶ 25.

[19] *Id.* ¶ 31 (citing *Pizel v. Zuspann*, 795 P.2d 42, 56 (Kan. 1990); *Amfac Distrib. Corp. v. Miller*, 673 P.2d 792, 793 (Ariz. 1983) (en banc)).

[20] 85 F. App'x 77, 81–83 (10th Cir. 2003).

[21] *Id.* at 82 (citing Deloitte, 2001 UT 90, ¶¶ 20–21).

[22] 2010 UT 67, 245 P.3d 731.

[23] *Id.* ¶ 20.

of which were past the statute of limitations.[24] The remaining claims proceeded to trial on similar facts, but on alternative theories for relief. Because Jensen's remaining claims were based on alternative theories of recovery, he still could have received his full damages amount, despite the dismissal of the other claims. If he was made whole through his remaining claims, he likely would not be entitled to damages for malpractice.[25] And if he had not prevailed on the remaining claims, then he would no longer have a valid malpractice claim.[26] So applying the *Deloitte* reasoning, Jensen's malpractice claim should not have accrued until the underlying case was final—once his appeal from the judgment was final.

¶ 18 Because *Jensen* is inconsistent with *Deloitte*, we cannot decide this case without overruling either *Jensen* or *Deloitte*. The parties have not asked us to overrule *Jensen* or *Deloitte*. But where we have two lines of cases that have taken inconsistent and confusing paths, we must choose a path going forward. So we take this opportunity to clarify and reconcile the law. For the reasons we set forth below, we reaffirm the *Deloitte* reasoning, and we overrule *Jensen* to the extent it is inconsistent with *Deloitte* and this opinion.[27]

---

[24] *Id.* ¶¶ 8, 10.

[25] "In most legal malpractice cases, whether brought under negligence, breach of contract, or breach of fiduciary duty theories, 'a plaintiff's damages . . . are limited to the actual amount the plaintiff would have recovered had he been successful in the underlying case.'" *Gregory & Swapp, PLLC v. Kranendonk*, 2018 UT 36, ¶ 24, 424 P.3d 897 (alteration in original).

[26] "To prove proximate cause in legal malpractice cases . . . the plaintiff must show that absent the attorney's negligence, the underlying suit would have been successful." *Harline*, 912 P.2d at 439. Because Jensen's claims were all based on various theories of defamation, if the alleged defamatory comments were not capable of defamatory meaning, he could not have prevailed on any of his claims. In that case, he would not have been able to demonstrate proximate cause.

[27] While we have repeatedly emphasized the importance of *stare decisis*, and continue to do so, we have also acknowledged that the "presumption against overruling precedent is not equally strong in all cases." *Eldridge v. Johndrow*, 2015 UT 21, ¶ 22, 345 P.3d 553. In making such a decision, we consider "(1) the persuasiveness of the authority and reasoning on which the precedent was originally

(Continued)

¶ 19 Here, given our limited caselaw on the issue, the parties each look to other jurisdictions in arguing the proper approach for accrual. Mr. Thomas argues for adoption of a "one-track" approach, in which a "malpractice action accrues when the client satisfies the legal prerequisite for the malpractice claim—successfully proving ineffective assistance of counsel." Mr. Hillyard argues for adoption of a "two-track" approach, in which "a criminal malpractice plaintiff simultaneously pursues either post-conviction or appellate relief while also maintaining a malpractice action." We decline to adopt either approach.[28] Instead, we choose to follow the same approach that we articulated for accounting malpractice in *Deloitte*.[29] We do so in an effort to maintain uniformity across various malpractice settings, to provide plaintiffs flexibility in pursuing their claims, and to avoid foreclosing avenues of relief for criminal defendants.

¶ 20 We hold that a malpractice claim does not accrue until the underlying direct action has concluded and there is no appeal of right available. Once there is no appeal of right available, the harm is sufficiently final. So the cause of action accrues and the statute of limitations begins to run. Defendants may, of course, decline to bring a direct appeal, in which case they may bring a malpractice action

---

based, and (2) how firmly the precedent has become established in the law since it was handed down." *Id.* In analyzing these factors, we also consider the precedent's "consistency with other legal principles." *Id.* Here, the *Eldridge* test is satisfied because *Jensen* did not analyze *Deloitte* or *Boyd*, and it is inconsistent with both cases. And the holding in *Jensen* is not firmly established in our law. The only case to cite to *Jensen*'s formulation for accrual since its publication is *Moshier v. Fisher*, which is presently before this court on certiorari. 2018 UT App 104, 427 P.3d 486, *cert. granted*, 429 P.3d 460 (Utah Oct. 22, 2018).

[28] Although the parties use the "one-track" and "two-track" approach labels, it should be noted that there is significant variation in how each jurisdiction handles the specifics of its accrual and tolling framework.

[29] 2001 UT 90. This approach also largely tracks the approach articulated for accrual in the PCRA. UTAH CODE § 78B-9-107. And while many jurisdictions follow some variation of either the one- or two-track approach as articulated by the parties, our approach is not novel. *See, e.g.*, *Stephens v. Denison*, 64 S.W.3d 297, 300 (Ky. Ct. App. 2001) (holding that client's cause of action for malpractice did not accrue until the appeal in his criminal case was final).

following expiration of the time to file an appeal. But if a defendant chooses to appeal, the statute of limitations will not begin to run until the appeal is final.

¶ 21 In holding that a malpractice plaintiff may file an action without electing to appeal, we recognize that such a plaintiff may face significant practical impediments to success. Such plaintiffs may not be able to prove proximate causation, or may have difficulty establishing damages. In many cases, criminal malpractice defendants (defense attorneys) may be able to demonstrate the plaintiff's failure to mitigate damages. And we are not foreclosing collateral estoppel arguments, especially when the claim is based on a guilty verdict. But ultimately, we leave to malpractice plaintiffs (criminal defendants) the choice of which procedural path to pursue.

## II. The Statute of Limitations Will Be Tolled During the Pendency of Claims Under the PCRA

¶ 22 Once criminal defendants have exhausted their appeals of right, they have the additional remedy of filing an action under the PCRA.[30] The statute of limitations for a claim under the PCRA is one year.[31] In certain circumstances, this period may be extended.[32] We hold that the statute of limitations for a malpractice action based on conduct occurring in a criminal case is tolled during the pendency of a PCRA action, provided the PCRA action is filed before the four-year statute of limitations on the malpractice action has expired. But the filing of a PCRA claim may not be used to revive claims for malpractice for which the statute of limitations has expired. Plaintiffs may rely on tolling while the PCRA claim is pending, but they are not precluded from filing their malpractice action during that time and pursuing both claims simultaneously. Again, we leave to plaintiffs the choice of which procedures to pursue.

## Conclusion

¶ 23 A cause of action for legal malpractice does not accrue until the underlying action is final and no appeal of right is available. Mr. Thomas's malpractice action did not accrue until the underlying

---

[30] UTAH CODE §§ 78B-9-101 to -405. This act is the "sole remedy for any person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies." *Id.* § 78B-9-102(1)(a).

[31] *Id.* § 78B-9-107(1).

[32] *Id.* § 78B-9-107(3).

litigation concluded—when he pled to the misdemeanor charges and ended the criminal action. His malpractice action was therefore timely when filed. Accordingly, we reverse the district court's entry of summary judgment and remand for adjudication of Mr. Thomas's legal malpractice claim.

———————